# IN RE APPEAL OF MESSINGER.

PATENTS; REISSUE; APPEALS.

1. An appeal will not lie to this court from a ruling of the Commissioner of Patents refusing a rehearing to an applicant for reissue of a patent, or refusing an application for leave to amend the claims of an original patent.

2. An appeal from the Commissioner of Patents, in a reissue case, will be dismissed when not taken from the original order refusing the reissue of the patent, either to the Supreme Court of this District or to this court within the limit prescribed by the rule of this court after the adoption of the rule.

3. An application for reissue of a patent, is properly rejected by the Commissioner of Patents, when not made until after the lapse of more than three years after the date of the original patent, in the absence of sufficient evidence of inadvertence, accident or mistake to entitle the applicant to a reissue.

Patent Appeals. No. 71. Submitted March 14, 1898. Decided May 3, 1898.

HEARING on an appeal from a decision of the Commissioner of Patents refusing a rehearing in reissue proceedings. *Appeal dismissed.*

The facts are sufficiently stated in the opinion.

*Mr. Julian C. Dowell* for the appellant.

*Mr. W. A. Megrath* for the Commissioner of Patents.

Mr. Chief Justice ALVEY delivered the opinion of the Court:

This appeal is brought into this court from the Patent Office, and it is from a ruling or rulings in that office, refusing a reissue patent upon a patent granted to the appellant on the 15th of September, 1885, for an improvement in grain and harvester binders. The case was brought into this court by an appeal entered on the 21st of April, 1897, the record of which was filed in this court on the 22d of April, 1897.

It appears from the record produced that the original patent issued to the appellant on the 15th of September, 1885, and that on November 6, 1888, more than three years afterward, the appellant filed in the Patent Office an application for the reissue of the patent granted to him, upon the allegation that the original patent, No. 326,443, was *inoperative and invalid* by reason of a defective and insufficient specification, resulting from an error arising through inadvertence, accident or mistake, and without any fraudulent or deceptive intention, the said defects and insufficiencies consisting in the omission in the patent to clearly, fully and accurately describe and claim the invention described and shown therein. This allegation was made to bring the case within the terms of section 4916, R. S. U. S. It is also shown by the record that this application for reissue was fully and fairly examined by the officials of the Patent Office, and, not finding sufficient ground for the reissue, the application was rejected. It was rejected first by the primary examiner, and upon appeal it was rejected by the Examiners-in-Chief, and, finally, upon appeal to the Commissioner in person, the preceding rulings by the examiners were affirmed, and the application was denied. This latter decision was rendered by the Assistant Commissioner on the 28th of February, 1891. After this decision of February 28, 1891, there was no other or further step taken in the matter until October 23, 1896, nearly six years after the final rule refusing the application for reissue, when the appellant moved for a rehearing and for leave to amend by canceling claims 4, 5 and 6, embraced by the original patent, and inserting in lieu thereof modified claims filed with the motion for rehearing. This motion for rehearing was heard by the Commissioner, and he denied the application on March 13, 1897. There were several grounds stated by the officials in the Patent Office for the denial of the application for reissue, any one of which was sufficient to defeat the application of the appellant. The Commissioner

in overruling the motion for rehearing, in referring to the principle as settled by the Supreme Court of the United States in regard to the question of the time within which an application for reissue of a patent should be made, said:

"I need not refer in detail to these cases; but it was held that the application for reissue must be made seasonably and as soon as the defect is discovered, and that there is no fixed right to wait two years before applying. No countenance is given to the claim that reissues may be applied for as often as desired. The ground for these decisions appears to be that where the patentee holds a grant which covers more than he has a right to claim, he should be prompt to disaffirm that to which he has no right, and that the public should know from the patent precisely what they may do and what they may not do, and ought to be informed that there is something in the patent to which the public is entitled, and that this information should reach them at as early a day as practicable. The reason likewise holds with equal force in cases where the patentee has informed the public of his claim in the original issue of the patent, but intends further on to broaden his claim. On these grounds I am of the opinion that *Ex parte Galusha* has come to be in conflict with the later Supreme Court decisions; that it is not the law, and that reissue cases are abandoned after two years of inactivity, like other cases, by operation of section 4894."

The Commissioner did not name the cases in the Supreme Court to which he alluded; but we may suppose that he had reference, among others, to the recent cases of *Parker & Whipple Co.* v. *Yale Clock Co.*, 123 U. S. 87, and *Topliff* v. *Topliff*, 145 U. S. 156 ; where the question of time and the circumstances under which applications for reissue of patents may be made, is fully discussed, and the rules, with their proper limitations, are stated as the result of a full review of the preceding cases upon the subject. In the last of these cases, that of *Topliff* v. *Topliff*, *supra*, the rules

deduced from the cases are thus stated, the italics being ours:

"First. That it shall be for the same invention as the original patent, *as such invention appears from the specification and claims of such original.*

"Second. That *due diligence must be exercised in discovering the mistake* in the original patent, and that, if it be sought for the purpose of enlarging the claim, *the lapse of two years will ordinarily, though not always,* be treated *as evidence of an abandonment of the new matter to the public* to the same extent that a failure by the inventor to apply for a patent within two years from the public use or sale of his invention is regarded by the statute as conclusive evidence of an abandonment of the patent to the public.

"Third. That this court will not review the decision of the Commissioner upon the question of inadvertence, accident or mistake, *unless the matter is manifest from the record;* but that the question whether the application was made *within a reasonable time* is, in most, if not in all, such cases, *a question of law* for the court."

It is manifest from these well-settled principles by the Supreme Court, that not only must the application for reissue be founded upon the same invention as that covered by the original patent, and as shown by the original specification and claims, but that there must be due diligence shown in discovering the mistake or inadvertence, and in the application for reissue, and in the prosecution of such application. In this case, all these essentials would seem to be wanting.

The case was brought here upon appeal from the order of the Commissioner, refusing to reopen the case and allow the amendment proposed to be made in respect to claims 4, 5, and 6 of the original patent; and when the case was called for argument in this court, it was found that there had been a motion entered on behalf of the Patent Office to dismiss the appeal, and it being apparent that the case was

not properly here, and was in no condition to be heard on its merits, whatever they might be, it was suggested that possibly the Commissioner of Patents might make a ruling upon the proposed substituted claims that would open the case and present the question that it was sought to have decided upon the appeal, and the case was held over to give the appellant an opportunity to apply to the Patent Office in that behalf. The application was made, but the condition of the case had been in no respect changed. The application to reopen the case was again denied; but at the same time, with a view of placing upon the record fully the grounds upon which the application was denied, the files and contents of the case were sent to the primary examiner, with directions to report as to whether the claims of the proposed amendments are patentable over the state of the art, whether said claims are broader than those in the patent, and whether the applicant is entitled to a reissue patent. The primary examiner reported upon the questions thus submitted to him, and his report was adverse to the claims of the appellant. In the conclusion of his report he says:

"After considering the circumstances of the case, the examiner is of the opinion that the applicant is not entitled to a reissue for the reasons that the claims are unduly enlarged; that there is no sufficient evidence of inadvertence, accident or mistake, and the delay of more than three years is not satisfactorily accounted for."

We have stated the position of the case both in the Patent Office and in this court more fully, perhaps, than is really necessary; but we deem it proper that the real status of the case may fully appear, in view of the conclusion to which we are necessarily led. The appeal can not be maintained, first, because an appeal will not lie from a ruling refusing a rehearing or an application for leave to amend the original claims; second, because the appeal was not taken from the original order refusing the reissue of

the patent, either to the Supreme Court of the District of Columbia, or to this court, within the limit prescribed by the rule of this court, after the rule was adopted; and, third, because the application for reissue of the patent was not made until after the lapse of more than three years after the date of the original patent, and because there is no sufficient evidence of the inadvertence, accident, or mistake to entitle the applicant to a reissue of the patent under the statute, according to the rules laid down in the case of *Topliff* v. *Topliff, supra.* It therefore follows that the appeal must be dismissed, and it is so ordered. *Appeal dismissed.*